Per Curiam.

The question presented is whether the driving of the truck by defendant in the dark without lights for a short distance at a speed of between five and ten miles an hour, under the circumstances above described, was wilful misconduct within the meaning of that term as used in the guest statute.
The term, “wilful misconduct,” as construed in Tighe, a Minor, v. Diamond, 149 Ohio St., 520, 80 N. E. (2d), 122, “im *144 plies an intention or purpose to do wrong, an intentional deviation from clear duty or from a definite rule of conduct, and not a mere error of judgment.” Defendant’s conduct in bringing the truck to a stop immediately after the lights went out, in considering which of two courses of action to pursue, in consulting with her guests and, after receiving their opinions and desires to proceed, in proceeding toward a place of greater safety in the manner she did falls far short of wilful misconduct.
A careful review of all the evidence fails tp disclose any substantial evidence tending to prove wilful misconduct on the part of defendant, and the trial court was in error in overruling defendant’s motion for judgment notwithstanding the verdict. Helleren, Admx., v. Dixon, 152 Ohio St., 40, 86 N. E. (2d), 777.
The judgment is reversed and final judgment is rendered for defendant.

Judgment reversed.

Weygandt, C. J., Zimmerman, Matthias, Bell and Herbert, JJ., concur.